IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM HARBISON, *individually and on behalf of all other similarly situated*,

   Plaintiff,

v.

LOUISIANA-PACIFIC CORPORATION,

   Defendant.

13cv0814
**ELECTRONICALLY FILED**

# MEMORANDUM OPINION

Plaintiff filed a Motion to Amend the First Amended Complaint and Brief in Support (doc. nos. 64-65) in this putative class action lawsuit. Defendant filed a Brief in Opposition (doc. no. 67) and Plaintiff filed a Reply Brief. Doc. no. 69.

On February 19, 2014, after carefully considering the matters raised in those filings, this Court denied Plaintiff's Motion to Amend the First Amended Complaint by way of Court Order (doc. no. 70), and this Opinion sets for the Court's reasons for so ruling.

**I. Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff to amend a complaint once, as of right, but further provides that a party may seek the Court's permission to amend a pleading and that such permission "should freely [be given] when justice so requires." Fed.R.Civ.P. 15(a)(2).[1]

---

[1] Plaintiff's Motion to Amend the First Amended Complaint was filed on February 10, 2014, the last day the Court permitted the parties to amend their pleading, thus Fed.R.Civ.P. 16(b)(4) is not implicated here. See Case Management Order, doc. no. 29.

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "While [the] Rule also states that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

## II. Background and Relevant Procedural History

This putative class action commenced on June 14, 2013, when Plaintiff filed a Complaint on his behalf and on the behalf of all others similarly situated against Defendant for defective TrimBoard that Defendant "designed, marketed, advertised, warranted, and sold[.]" Doc. no. 1, ¶ 1. The Complaint set forth a claim for Breach of Express Warranty (as well as request for declaratory relief), and a copy of an express warranty was attached to the Complaint. See doc. nos. 1 and 1-2. Defendant filed a Motion to Dismiss (doc. no. 16) and, on December 9, 2013, Plaintiff filed an Amended Complaint. Doc. no. 25. Notably, the Amended Complaint added some additional factual allegations but continued to assert a Claim for Breach of Express Warranty and requested (among other things) declaratory relief. Id.

On, December 11, 2013, the Court held an initial case management conference. On December 23, 2013, Defendant filed a Motion to Dismiss the Amended Complaint predicated upon Rule 12(b)(6). Doc. no. 41. After the matter was fully briefed by the parties, on February 6, 2014, the Court issued an Opinion and Order granting in part, and denying in part, Defendant's Motion to Dismiss. Doc. nos. 61-62. The Court's Order completely denied

2

Defendant's Motion to Dismiss Count I of the Amended Complaint – thereby allowing Plaintiff's case to proceed on the Breach of Express Warranty claim – and only granting a portion of Defendant's Motion to Dismiss Count II – thereby allowing Plaintiff to obtain most of the relief requested. Doc. no. 62.

On February 10, 2013, Plaintiff filed a Motion to Amend the First Amended Complaint and Brief in Support. Doc. nos. 64-65. As noted above, after all briefing was completed, this Court denied the Motion to Amend. Doc. no. 70.

### III. Discussion

As noted above, a plaintiff is permitted to amend a complaint once, as of right, but after that, F.R.Civ.P. 15 requires that a party seek the Court's permission to amend a pleading. The Rule also notes that such permission "should freely [be given] when justice so requires."

Case law surrounding the right to amend a Complaint indicates that leave to amend a Complaint may be denied where the amendment would be futile. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. den.*, 464 U.S. 937 (1983). A plaintiff's motion to amend a complaint for the second time could be denied, despite the plaintiff's argument that there was no undue delay or prejudice to the defendants, where amendment would have been futile. *Hollis-Arrington v. PHH Mortg. Corp.*, 205 Fed.Appx. 48, 54 (3d Cir. 2006).

The Court's Opinion regarding Defendant's Motion to Dismiss analyzed Pennsylvania's breach of express warranty case law, and, disagreeing with Defendant's position, concluded that under the facts presented in the Amended Complaint – which the Court accepted as true for purposes of deciding the 12(b)(6) Motion to Dismiss – Plaintiff had a cognizable breach of express warranty claim. See doc. no. 61, pp. 4-10.

Plaintiff contends that his request to amend his First Amended Complaint is not futile because Pennsylvania's Commercial Code allows him to gather and present evidence that a clause in the contract is unconscionable. See 13 Pa.C.S.A. § 2302 (b). However, in making this argument Plaintiff completely ignores the fact that this Court has already ruled that "relief" or "damages" clause in the express warranty is not unconscionable.

In its prior Opinion (doc. no. 61), this Court disagreed that Plaintiff's Declaratory Relief request – set forth in Count II – should be dismissed in its entirety. However, the Court granted Defendant's Motion to Dismiss with respect to subparagraph "b." of paragraph 76 of Plaintiff's First Amended Complaint, and subparagraph "c." of his Prayer for Relief.[2] Doc. no. 61, p. 17. After analyzing the applicable sections of the Uniform Commercial Code and Pennsylvania's Commercial Code, the Court held that the express warranty at issue provided for two times the purchase price of the defective TrimBoard – which constitutes a "different amount" of recoverable damages, as alluded to by UCC § 2-714. The Court did not agree with Plaintiff that this section of the express warranty was "unconscionable" as Plaintiff argued.

In determining whether a clause in a contract is "unconscionable," Courts in this Circuit have suggested that "unconscionability" be defined as "the lack of meaningful choice coupled with a contract term which is so one-sided as to be oppressive." *Stanley A. Klopp, Inc. v. John Deere Co.,* 510 F.Supp. 807, 810 (E.D. Pa. 1981)*;* see also, *Harris v. Green Tree Financial*

---

[2] In paragraph 76(b) of the Amended Complaint, Plaintiff stated, "Plaintiff seeks a ruling that: . . . Any limitation of consumer rights in Defendant's warranty is void as unconscionable[.]" In subparagraph "c." of the Prayer for Relief, Plaintiff stated, "WHEREFORE, Plaintiff, for herself [sic] and on behalf of all others similarly situated, prays for a judgment against Defendant as follows: . . . Should the Plaintiff seek class certification under Rule 23(b)(3), for compensatory damages, including, among other things: (i) compensation for all out-of-pocket monies expended by members of the Classes for replacement of Trimboard and/or installation costs; (ii) the failure of consideration in connection with and/or difference in value arising out of the variance between the Trimboard as warranted and the Trimboard containing the defect; and (iii) the diminution of resale value of the structures containing the Trimboard resulting from the defect."

4

*Corp.,* 183 F.3d 173, 181 (3d Cir. 1999) ("[U]nconscionability requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions."). Moreover, the drafters of section 2-302 of the UCC explained that "(t)he principle is one of prevention of oppression and unfair surprise . . . and not of disturbance of allocation of risks because of superior bargaining power." UCC § 2-302, Comment 1 (citation omitted).

In its prior Opinion, after accepting as true all facts concerning the purported "unconscionability" of the remedy section of the express warranty, the Court ruled as a matter of law that that section of the express warranty was not unconscionable.[3] To this end, the Court specifically stated in its prior Opinion:

> Plaintiff's Amended Complaint is rife with factual allegations that Defendant knew that TrimBoard should not be used on exterior surfaces. Doc. no. 25, ¶¶ 29-52. Plaintiff further alleges that Defendant knew the TrimBoard would fail if used as suggested on exterior surfaces, and thus, Defendant issued an express warranty "which was primarily intended to limit [Defendant's] liability." Stated another way, these facts allege Defendant knew that its express promise to pay "twice the original purchase price of the affected trim" would be less than the damage sustained by Plaintiff and other end users of the TrimBoard product.
>
> Even accepting the factual allegations as true, Defendant's combined knowledge about the product and its limitation of liability language in the express warranty does not render the <u>language</u> of the express warranty "unconscionable." Defendant agreed to pay a set amount in its express warranty, which is permissible under the UCC and Pennsylvania's Commercial Code. The express terms of that warranty are binding on Defendant – and on Plaintiff.

Id., p. 15 (emphasis in original).

Now, the Court takes this opportunity to reiterate that the facts, as pled in the First Amended Complaint, did not provide the Court with a meaningful basis to find the remedy portion of the express warranty was "unconscionable" as that term is defined as: (1) providing no

---

[3] Again, the Court notes that "unconscionability is a question of law for the court" to decide. *Stanley A. Klopp, Inc.,* 510 F.Supp. at 810.

5

meaningful choice on the part of the other party regarding acceptance of the provisions and (2) being unreasonably favorable to the drafter. The Court likewise finds that the proposed amendments to the First Amended Complaint also fall short of legally meeting this two-prong test. Thus, amending the First Amended Complaint to include these allegations would be futile.

Further, the Court noted that the allegations (which Plaintiff claimed supported his argument that the relief section of the express warranty was unconscionable) more appropriately formed the factual basis of a fraud claim and/or product liability claim. Id. at 14-15. Yet, Plaintiff did not file a Motion to Amend his Complaint to add either of these causes of action. Rather, it appears to this Court that Plaintiff's Motion to Amend his First Amended Complaint is nothing more than an attempt to "back door" damages that could be obtained through the assertion of a successful fraud or product liability claim. Even though Plaintiff has clearly elected not to pursue either of these claims, he (and the others similarly situated in this putative class) have a remedy available – two times the purchase price of the defective TrimBoard.

Simply stated, the Plaintiff fought hard during the Motion to Dismiss stage to make the express warranty his own – and yet did not want to be "limited" to the remedy it provides. This Court declines to allow Plaintiff to assert (three times – first, in his original Complaint, then in his First Amended Complaint, and finally through this Motion to Amend) a breach of express warranty claim, only to demand that the potential remedy set forth in that express warranty be deemed unconscionable, so that he may seek damages in excess of the warranty's "limitation." Plaintiff has other tort options that would enable him to avail himself of the type of remedies he currently seeks to "back door" through his breach of express warranty claim.

**IV. Conclusion**

Because this Court has already ruled that the remedy portion of the express warranty is not unscionable, that is the law of the case, and Plaintiff's Motion to Amend to his First Amended Complaint is nothing more than an attempt to "work around" this ruling, and is thus, futile. Accordingly, the Plaintiff's Motion to Amend (doc. no. 64) has been denied. See doc. no. 70.

                                        s/Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

cc: All ECF Counsel of Record