# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM HARBISON, *individually and on behalf of all other similarly situated*,

    Plaintiff,

v.

LOUISIANA-PACIFIC CORPORATION,

    Defendant.

13cv0814
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

This is a putative class action lawsuit wherein the purported class has asserted a breach of express warranty claim. Before the Court is Defendant's Motion for Summary Judgment. Doc. no. 77. Plaintiff timely filed a Response in Opposition (doc. no. 83) thereby making the matter ripe for disposition.

## I. BACKGROUND

### A. Procedural History

On June 14, 2013, the Named Plaintiff (hereinafter "Plaintiff") filed this putative class action asserting a claim for breach of express warranty on behalf of himself and others similarly situated. Doc. no. 1. In response to Plaintiff's Complaint, on November 25, 2013, Defendant filed a Motion to Dismiss. Doc. no. 16. Plaintiff filed an Amended Complaint on December 9, 2013, presumably to cure the issues by Defendant in its Motion to Dismiss. Doc. no. 25.

On December 23, 2013, Defendant filed a Motion to Dismiss the Amended Complaint arguing that Plaintiff failed to state a claim upon which relief could be granted. Doc. no. 41. After full briefing on this matter, on February 6, 2014, the Court issued an Opinion and Order

granting in part and denying in part, Defendant's Motion to Dismiss the Amended Complaint. Doc. nos. 61-62. In its Opinion and Order, the Court held that Plaintiff had asserted a cognizable claim for breach of express warranty, but noted that the language of that warranty was not unconscionable (as Plaintiff suggested in his Amended Complaint), and thus, limited Plaintiff's damages to those that the express warranty provided. Doc. no. 61. In this Opinion, the Court specifically noted that Plaintiff's went to great lengths to prove he was entitled to the promises made by Defendant in the express warranty, but he did not want to be bound to the amount of recovery provided by the express warranty – and argued that that portion of the warranty was "unconscionable." Id.

As a result of the Court's Opinion and Order, Plaintiff filed a Motion to Amend his Amended Complaint to include additional allegations to bolster his claim that the "damages" or "remedy" language of the express warranty was unconscionable. Doc. no. 64. Defendant filed a Brief in Opposition to the Motion to Amend the Amended Complaint (doc. no. 67) and the Court denied Plaintiff's Motion to Amend the Amended Complaint. Doc. nos. 70, 74. In its Opinion setting forth its reasons for denying Plaintiff's Motion, the Court explained that it had reviewed express warranty and had previously determined that based on that language, the "remedy" provided by express warranty was not unconscionable; thus, any attempt to amend the Amended Complaint would be futile. Doc. no. 74.

On March 7, 2014 Defendant filed the instant Motion for Summary Judgment (doc. no. 77), and on Plaintiff filed a Response in Opposition. Doc. no. 83.

## B. Relevant, Material Facts

ABTco and Defendant manufactured and sold TrimBoard, an exterior Trim Product. Doc. no. 82, ¶ 1. ABTco is a former subsidiary of Defendant that merged into Defendant. Id., ¶ 4.

Defendant sold TrimBoard with a "10/5 Year Limited Warranty." Id., ¶ 2k. The terms of warranty expressly state (in pertinent part):

TEN YEAR LIMITED WARRANTY – SUBSTRATE

ABT Building Products Corporation warrants its TrimBoard . . . for a period of ten years from the date of installation under normal conditions of use and exposure, providing the trim is properly stored, installed, maintained, and protected as specified in ABTco's Application Instructions. Should the product fail within ten years of the date of installation, ABTco, Inc. . . . will replace the defective trim on the following basis: ABTco will compensate the owner for the repair and replacement of the affected trim for more than twice the original purchase price of the affected trim if failure occurs within ten years.

Id., ¶3, and doc. no. 1-2, p. 1.

Plaintiff owns a residence ("real property") and, in 2003, TrimBoard was installed on the exterior of his garage. Id., ¶¶ 5-6. In 2010, Plaintiff submitted a written warranty claim form to Defendant, notifying Defendant that the TrimBoard installed on the exterior of his garage was deteriorating. Id., ¶ 7. Defendant sent an inspector to Plaintiff's home on March 23, 2011 to inspect Plaintiff's garage, and the inspector determined that the TrimBoard had been installed on the garage's exterior as "siding," and not trim. Id., ¶¶ 8-11.

Nevertheless, the parties agree that Defendant offered to pay Plaintiff $2,780.08 in compensation on Plaintiff's warranty claim, but Plaintiff rejected this offer. Id., ¶¶ 14-15. The parties also agree that Defendant arrived at $1,390.04 by measuring the amount of TrimBoard on the garage, adding a "waste factor" of 20%, to which it then applied the original purchase price of the affected TrimBoard, and then added sales tax. Id., ¶12.

Defendant contends it doubled $1,390.04 (per the warranty) to arrive at $2,780.08, and this larger amount was offered to Plaintiff. Plaintiff contends that Defendant offered Plaintiff $2,780.08 "after multiplying the total TrimBoard cost of the original TrimBoard, and reducing [that number] by 20% due to a waste factor." Id. ¶ 13. Thereafter, Plaintiff rejected the $2,780.08 offer – which is the full amount due under the express warranty. Id. ¶ 16.

## II. STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Smith v. Borough of Dunmore, 516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record –

i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s).  Fed. R. Civ. P. 56(c)(1).  The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question.  *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)). *Estate of Beim v. Hirsch*, 121 Fed. Appx. 950, 953 (3d Cir. 2005).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s).  Fed. R. Civ. P. 56(c)(1).  When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party.  *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553, 555 (3d Cir. 2012); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

## III. DISCUSSION

As previously noted by this Court in a prior Opinion, express warranties are defined by UCC 2-313 as follows:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Pennsylvania's Commercial Code defines "express warranty" in a substantially similar fashion as follows:

(a) General rule.--Express warranties by the seller are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

> (b) Formal words or specific intent unnecessary.--It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the opinion of the seller or commendation of the goods does not create a warranty.

13 Pa.C.S.A. § 2313.

In its prior Opinion (doc. no. 61), the Court determined that Plaintiff had a right to assert a breach of express warranty given the terms of that warranty, and thus for that reason, denied Defendant's Motion to Dismiss the Amended Complaint. However, in this same Opinion, the Court noted that Plaintiff sought relief beyond the four corners of the express warranty. Simply put, Plaintiff's Amended Complaint alleged that Defendant knew its TrimBoard product was defective, and knew that the amount of recovery provided for in the express warranty would be insufficient to provide meaningful relief to the product's buyer/user.

As the Court noted in its Opinion related to the Motion to Dismiss, ". . . the warranty expressly states that Defendant will 'compensate the owner for the repair and replacement of the affected trim for more than twice the original purchase price of the affected trim[.]' Doc. no. 1-2. Plaintiff wants to collect more remuneration from Defendant than that which the warranty expressly provides and attempts to do so by claiming the quoted language is 'unconscionable.'" Doc. no. 61, p. 14. The Court concluded, "Defendant's combined knowledge about the product and its limitation of liability language in the express warranty does not render the <u>language</u> of the express warranty 'unconscionable.'" Id. at p. 15 (emphasis in original).

After the Court entered this Opinion, the Plaintiff filed a Motion to Amend the Amended Complaint, and provided additional facts concerning Defendant's knowledge of the defective product. The Court denied the Plaintiff's Motion noting as follows:

> Now, the Court takes this opportunity to reiterate that the facts, as pled in the First Amended Complaint, did not provide the Court with a meaningful basis to find the remedy portion of the express warranty was "unconscionable" as that term is defined as: (1) providing no meaningful choice on the part of the other party regarding acceptance of the provisions and (2) being unreasonably favorable to the drafter. The Court likewise finds that the proposed amendments to the First Amended Complaint also fall short of legally meeting this two-prong test. Thus, amending the First Amended Complaint to include these allegations would be futile.

Doc. no. 74, pp. 5-6.

This background information is pertinent to the issue presently before the Court. Defendant contends that it is entitled to summary judgment because Plaintiff cannot meet its burden of proving that Defendant breached, or failed to meet, its warranty promise – specifically, the promise to compensate Plaintiff "for the repair and replacement of the affected trim for more than twice the original purchase price of the affected trim if failure occurs within ten years."

To this end, Defendant notes, and Plaintiff agrees, that Defendant's agent measured the total amount of TrimBaord on Plaintiff's garage, added a waste factor of 20%, to which the agent applied the original purchase price of the affected TrimBoard, added sales tax, and arrived at $1,390.04. Doc. no. 82, ¶ 12. This amount, when doubled, totals $2,780.08. Plaintiff further admits that on March 25, 2011, Defendant offered to pay Plaintiff this amount – $2,780.08.

Plaintiff attempts to salvage his case by contending that there were other representations and affirmations which constituted express warranties (presumably in addition to the express warranty Plaintiff attached to the putative class Complaint). Plaintiff relies upon *Samuel-Bassett v. Kia Motors A., Inc.,* 613 Pa. 371, 34 A.3d 1 (2011), to support his argument that he relied on the representations made by Defendant that the TrimBoard was "first quality stuff." Doc. no. 83, p. 5.

However, this argument is misplaced. Again, the Court has already determined that Plaintiff had a right to rely on the representations made in the express warranty discussed at length above and in prior opinions. The only remaining issue is whether Defendant breached his expressly warranted promise to pay Plaintiff two times the value of the defective TrimBoard, thereby breaching the express warranty.

Based on the Plaintiff's admissions, referenced above, related to the offered payment of $2,780.08, the Court finds that Defendant did not breach its warranty to the Named Plaintiff, William Harbison. Given these admissions, there is no disputed material fact, nor any factual issue for a jury to decide.

Because the Named Plaintiff (William Harbison) has no viable breach of express warranty claim, given that Defendant did not breach its warranty with respect to him (by offering Plaintiff the full value as established in the expressed warranty), and because the Named Plaintiff must establish a controversy with Defendant, he cannot pursue relief on behalf of any other member of the class. *O'Shea v. Littleton,* 414 U.S. 488, 493 (1974). Accordingly, Defendant's Motion for Summary Judgment will be granted and this case shall be closed. However, Plaintiff may file a Motion to Reopen this matter should a proper named plaintiff be located and identified. An appropriate Order shall follow.

                                            s/Arthur J. Schwab
                                            Arthur J. Schwab
                                            United States District Judge

cc: All ECF Counsel of Record